UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

GILBERT H. VERA JR.,

    Plaintiff,

    v.      Case No. 2:17-cv-377-JVB-APR

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

    Defendant.

**OPINION AND ORDER**

Plaintiff Gilbert H. Vera Jr. seeks judicial review of the Social Security Commissioner's decision denying his disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the ALJ's decision.

**A.**    **Overview of the Case**

Plaintiff alleges that he became disabled on October 1, 2013. (R. at 252.) His date last insured is June 30, 2015. (R. at 258.) He also applied for Supplemental Security Income benefits. (R. at 252.) Plaintiff most recently worked at a grocery store. (R. at 266.) This may have counted as substantial gainful activity, which would disqualify Plaintiff, but the Administrative Law Judge ("ALJ") gave Plaintiff the benefit of the doubt and found that it did not. (R. at 17.) The ALJ found that Plaintiff suffered from severe impairments. (R. at 17.) However, the ALJ concluded that he could perform jobs that existed in significant numbers. (R. at 26.) Therefore, the ALJ denied benefits. (R. at 21.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

## B. Standard of Review

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## C. Disability Standard

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## D. Analysis

Plaintiff argues the ALJ ignored evidence of his hand limitations and failed to account for

his moderate concentration limitations. While the record might support the ALJ's decision, the ALJ did not adequately explain his conclusions; this Court must therefore remand.

**(1)     The ALJ Must Address Evidence of Plaintiff's Hand Limitations**

Plaintiff complains that the ALJ failed to incorporate a limitation to occasional hand use in his Residual Functional Capacity ("RFC"). Had the ALJ done so, Plaintiff would be disabled. (R. at 67–68.) The RFC "must incorporate all of the claimant's limitations supported by the medical evidence." *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). This requires an ALJ to "consider all relevant medical evidence." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). Additionally, while the ALJ need not discuss every page of the record, he must go beyond "the evidence that favors his ultimate conclusion." *Garfield v. Schweiker*, 732 F.2d 605, 609 (7th Cir. 1984). On that note, the ALJ cannot simply state that the plaintiff has no evidence. *Myles v. Astrue*, 582 F.3d 672, 676–77 (7th Cir. 2009) ("The ALJ acknowledged these complaints, but his analysis does not articulate his reasons for rejecting them, except to say there is no objective medical evidence to support them."). Lastly, even if the record could support the ALJ's conclusion, courts will remand if the ALJ appeared not to consider all the relevant evidence. *Cf. Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) ("Had [the ALJ] considered [the entire record] carefully, she might well have reached a different conclusion.").

(a)     *The ALJ Properly Addressed the Pre-Surgery Evidence*

Plaintiff has had hand issues for over a decade, culminating in a pair of surgeries in 2015. With respect to the pre-surgery period, the ALJ found that "the record is without evidence as to a substantial diminishment of grip strength or dexterity/manipulative ability." (R. at 22.) However,

the ALJ is incorrect. In March 2010, for instance, Plaintiff exhibited "abnormal grip strength . . . with poor fine finger manipulative abilities" in his left hand. (R. at 538.) And later that year, he demonstrated very weak grip strength in his left hand and "could not fully flex" two of his fingers. (R. at 556.) These issues appeared to stem from a 2006 accident in which Plaintiff lost fingers on his left hand, though they were successfully reattached. By 2014, the issue seemed to have resolved itself: in an examination by Dr. Gupta, Plaintiff exhibited "[n]ormal grip strength . . . bilaterally with good fine finger manipulative abilities," a finding cited by the ALJ. (R. at 23, 999.) So, although the ALJ erroneously said the record was without evidence, he adequately addressed the pre-surgery evidence.

After his visit with Dr. Gupta, Plaintiff began complaining of hand pain. (R. at 1392.) Two months later, he was diagnosed with Carpal Tunnel syndrome ("CTS"). (R. at 1382.) The ALJ referenced this "indicia of symptom magnifications" but noted that these complaints were often accompanied by unremarkable findings and requests for narcotics. (R. at 22–23.) In one examination cited by the ALJ, Plaintiff's extremities were "normal," yet the doctor noted that "Patient is requesting muscle relaxers." (R. at 1565–66.) Almost a month later, Plaintiff again complained of finger pain, but while an examination of his extremities was again "normal," Plaintiff requested "a higher dose of Norco." (R. at 1563–64.) Dr. Johnson, whose opinion the ALJ gave "significant weight," even noted "[p]ossible drug seeking behavior." (R. at 103.) Specifically, Dr. Johnson referenced a visit in May 2014, in which Plaintiff angrily walked out of a hospital because the doctors would not give him the medication he wanted. (R. at 1042.) Again, notwithstanding the ALJ's mistaken finding of no evidence, the ALJ did address the evidence.

(b) *The ALJ Must Discuss the Post-Surgery Evidence*

Yet, evidence favorable to Plaintiff went unaddressed. Plaintiff eventually underwent elective surgery for her CTS. Two operations were performed - one on each hand - and both were "[s]uccessfil, uneventful surger[ies]." (R. at 1643, 1647.) The ALJ noted that, after the surgery, "there is little if any evidence of upper extremity difficulties." (R. at 25.) Granted, the only post-surgery objective evidence this Court could find was a single notation of "[n]umbness in both hands." (R. at 1550.) And an ALJ can consider lack of medical evidence as a factor. *Capman v. Colvin*, 617 Fed. Appx. 575, 580 (7th Cir. 2015). But Plaintiff testified that he still has symptoms "[a]ll the time." (R. at 52–53.) For instance, Plaintiff testified that his hands "got a little bit worse" since the surgery and that he can only grip a cell phone for ten minutes before his "hands start cramping up and start hurting." (R. at 54, 62.) He also mentioned that his surgeon "had a hard time getting in there." (R. at 54.) On the other hand, the surgery notes do not reflect any problem of this sort. (R. at 1646, 1649.)

The ALJ need not blindly accept Plaintiff's testimony. *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996). At the same time, the ALJ cannot simply ignore it. *Cf. Bell v. Colvin*, 2015 U.S. Dist. LEXIS 50329, *22 (S.D. Ill., Apr. 16, 2015) ("The ALJ said that there was no evidence to support Dr. Graham's limitation in the use of plaintiff's right hand, but she testified that she . . . ha[d] right hand symptoms . . . ."). And since the ALJ never referenced Plaintiff's post-surgery testimony, this Court cannot tell whether the ALJ discounted it or missed it entirely. This requires remand. *Cf. Arnett*, 576 F.3d at 592 ("Without any discussion of Arnett's dementia, this court has no idea what the ALJ thought about this evidence.").

On another note, Plaintiff initially complained that the ALJ failed to find any hand limitations at all. (Pl.'s Br. at 20.) The Commissioner argued that this was a mere scrivener's error and that the ALJ clearly meant to include a limitation to "frequent . . . bilateral handling

and fingering." (Def.'s Resp. at 12.) The Commissioner is probably correct, but the decision fails to build an accurate and logical bridge to that conclusion, given Plaintiff's uncontested testimony that his hands have gotten worse since the surgery. And Plaintiff would be disabled if limited to just occasional hand use. (R. at 67–68.) Thus, this Court must remand so the ALJ can analyze Plaintiff's testimony of his post-surgery hand issues.

**(2)    The ALJ Must Explain Why He Altered Dr. Johnson's Translation**

Plaintiff additionally complains that the ALJ failed to incorporate his moderate limitations in concentration, persistence, or pace. At step two, the ALJ found that Plaintiff had "moderate difficulties" in those areas ("concentration issues"). (R. at 19.) Yet, the ALJ did not include concentration issues in Plaintiff's RFC, instead relying on a limitation to "work that involves only simple, routine, and repetitive tasks," with "no interaction with the public" and only "occasional interaction with coworkers and supervisors." (R. at 20.) The Seventh Circuit usually rejects such translations. *See e.g. O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) ("The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity."). On the other hand, if a doctor makes the translation and the ALJ simply quotes it, courts are more forgiving. *Cf. Johansen v. Barhnart*, 314 F.3d 283, 288 (7th Cir. 2002) (affirming where the ALJ adopted a doctor's translation of concentration issues into a restriction to "repetitive, low-stress work").

Recently, this Court examined whether this exception still applies, holding that, although the Seventh Circuit seems inclined to distinguish *Johansen* whenever possible, it remains good law. *See Green v. Berryhill*, 2019 U.S. Dist. LEXIS 51521, *11 (N.D. Ind., Mar. 27, 2019). There, this Court remanded because, although the ALJ pointed to an adequate translation, he

only partially adopted it without explaining why. *Id.* at *12. Here, Dr. Johnson translated Plaintiff's concentration issues into a limitation to "simple to mildly complex instructions" and "superficial, casual interactions with others," while at the same time finding that "within these parameters . . . [Plaintiff] is able to sustain attention and concentration skills to carry out work like tasks with reasonable pace and persistence." *Id*. However, the ALJ changed "superficial, casual interactions with others" into limitations to occasional interactions. *Id*. This requires further development, because the former discusses quality of interaction, while the latter involves quantity. *Wartak v. Colvin*, 2016 U.S. Dist. LEXIS 29237, *18 (N.D. Ind., Mar. 8, 2016). On remand, the ALJ must either adopt Dr. Johnson's qualitative interaction limitation or adequately explain why he did not. *Cf. Eveland v. Berryhill*, 2017 U.S. Dist. LEXIS 133667, *14 (N.D. Ind., Aug. 22, 2017) ("The ALJ can either incorporate Dr. Johnson's limitation to 'superficial interaction' . . . or explain why he rejects the limitation in favor of 'occasional interaction' . . . .").

**E.     Conclusion**

The ALJ failed to account for Plaintiff's post-surgery hand-limitation evidence and did not properly adopt Dr. Johnson's translation of Plaintiff's concentration issues. Accordingly, this Court remands the ALJ's decision.

SO ORDERED on May 28, 2019.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE